Merrimack,
August 13, 1906.

### EMERSON TROY GRANITE CO. *v.* PEARSON.

A road locomotive or traction engine used to draw cars on the highways is required to be registered under the provisions of chapter 86, Laws 1905, and its operator should be licensed.

A partnership or corporation owning an automobile or similar vehicle should register it in the firm or corporate name, but the license required must be issued to the person who acts as operator.

PETITION, for *mandamus* to compel the defendant, as secretary of state, to issue to the plaintiffs a license under chapter 86, Laws 1905, for the operation of a road locomotive or traction engine, with cars attached. The question whether this engine is within the provisions of the above mentioned statute was transferred from the April term, 1906, of the superior court by *Peaslee,* J.

*John E. Allen,* for the plaintiffs.

*Edwin G. Eastman,* attorney-general, and *Elwin L. Page,* for the defendant.

CHASE, J. Section 4, chapter 86, Laws 1905, reads in part as follows: "No person shall operate an automobile or motor cycle until he shall have first obtained a license for that purpose. Applications for licenses shall be made upon blanks prepared by the secretary of state, and the licenses issued shall be in such form and contain such provisions as said secretary of state may determine. To each license shall be assigned a distinguishing

number or mark, and a proper record of all applications for licenses and of all licenses issued shall be kept by the secretary of state at his office and shall be open to the inspection of any person during reasonable business hours. Each license shall state the name, place of residence, and address of the licensee, and the distinguishing number or mark assigned to him. Such licenses shall be granted for one year only, and the fee therefor shall be one dollar. . . . Every licensee when operating a machine shall keep his license with him and exhibit it upon the request of any officer of the law." By section 2, all automobiles and motor cycles are required to be registered by the owner or person in control, in accordance with the provisions of the chapter. Applications for such registration must contain a statement of the name and address of the applicant and a brief description of the automobile or motor cycle, including the name of the maker, its number, if any, and the character and amount of its motive power. The secretary of state, upon the receipt of a registration fee of three dollars, is required to register the automobile or motor cycle described in the application, giving to it a distinguishing number or mark, and to issue to the applicant a certificate of such registration, furnishing him with two number plates or tags bearing the distinguishing number or mark, to be attached to the registered vehicle. The certificate is to be carried in the vehicle; and a record of all applications and certificates issued is to be kept by the secretary of state and to be open to the inspection of any person during reasonable business hours. By section 1, the terms " automobile and motor cycle," as used in the chapter, " include all vehicles propelled by other than muscular power, except railroad and railway cars and motor vehicles running only upon rails or tracks, and road rollers."

The vehicles referred to in this chapter have recently come into use, and have introduced a new and serious peril to travelers upon highways. They are propelled by great power developed by steam, electricity, or the explosion of gasoline vapor, and may be driven with great speed. More or less noise attends their operation, and when gasoline is used a disagreeable odor results, both the noise and the odor having a tendency to frighten horses. They are used in performing long journeys, and their owners and operators are oftentimes unknown in the locality where the vehicles happen to be. Skill and care are required in operating them to avoid injury to other travelers. Registration of them is required to enable persons to readily discover their character and who owns or has control of them, so that in case any wrong is done in their use the responsibility for it can be easily ascertained. But registration is not full compliance with the statute; the person who

operates a vehicle must be licensed. The object of the license is to furnish a further guaranty that proper use of the vehicle will be made, and that it will be operated in compliance with the law.

While the traction engine in suit may not be an automobile, motor cycle, or vehicle, according to a strict interpretation of those terms, it appears to be such within the meaning of this statute. It certainly is a vehicle in the sense that it carries the operator and the materials used in its operation. " It is a carriage moving on land . . . on wheels." Cent. Dict. The statute contains decisive evidence that the term was used in a sense sufficiently broad to include road rollers—machines that are not used for the carriage of persons or merchandise. If it had not been supposed that they were " vehicles," there would have been no reason for expressly excepting them from the statutory definition. The implication is irresistible that other machines, aside from road rollers, passing over highways, carrying only the operators and the materials used in their operation, are " vehicles " within the meaning of the term as defined in the statute. There certainly are as forcible reasons for requiring the registration of a traction engine not confined to rails, and the licensing of its operator, as for requiring these acts in respect to an ordinary automobile. The conclusion is that the plaintiffs' engine is a " vehicle " within the meaning of this statute and should be registered, and its operator should be licensed. The use of it in highways without registration and license of the operator would be a violation of the statute. Whether the registration and the licensing of the operator will have any effect other than relieving the owner or person in control and the operator from the penalties of the statute, is a question that need not now be considered. Probably the user of such a vehicle, although it is duly registered and its operator is duly licensed, has no greater or different rights in highways than other travelers, and is subject to all the statutory and common-law obligations of such travelers.

The title of the case indicates that the plaintiffs are a corporation, partnership, or composite body of some kind. If so, they are not entitled to a license as such. The license contemplated by the statute is personal to the particular person who operates the vehicle. Every person who operates it must have a license. A corporation or partnership which owns or controls a vehicle should register it in the corporate or partnership name, but is not entitled to a license to operate it.

*Case discharged.*

All concurred.